ESTADO LIBRE ASOCIADO DE PUERTO RICO
TRIBUNAL GENERAL DE JUSTICIA
TRIBUNAL DE APELACIONES
**PANEL X**

| | | |
|---|---|---|
| **ANNA FIGUEROA**<br>DEMANDANTE(S)-RECURRIDA(S)<br><br><br>V.<br><br><br>**CHEILINEL RODRÍGUEZ TORRES**<br>DEMANDADA(S)-PETICIONARIA(S) | **KLCE202301304** | *Certiorari*<br>procedente del Tribunal de Primera Instancia, Sala Superior de Caguas<br><br>Caso Núm.<br>**CG2023CV03676 (701)**<br><br>Sobre:<br>Desahucio y Cobro de Dinero |

Panel integrado por su presidenta, la Juez Lebrón Nieves, la Juez Barresi Ramos y la Jueza Santiago Calderón.

*Barresi Ramos*, juez ponente

### S E N T E N C I A

En San Juan, Puerto Rico, hoy día 17 de enero de 2024.

Comparece ante este Tribunal de Apelaciones, la señora **CHEILINEL RODRÍGUEZ TORRES** (señora **RODRÍGUEZ TORRES**) mediante *Petición de Certiorari* instada el 22 de noviembre de 2023. En su escrito, nos solicita que revisemos la *Minuta* emitida el 9 de noviembre de 2023 por el Tribunal de Primera Instancia, Sala Superior de Caguas (TPI).[1] En dicha *Minuta*, el foro primario dispuso: "[e]l Tribunal hizo constar que del expediente electrónico surgen varias Mociones presentadas por las partes, en la mañana de hoy las cuales, fueron evaluadas y atendidas por esta Juez. Eventualmente recibirán la determinación a sus respectivos correos electrónicos". Ese mismo día, la señora **RODRÍGUEZ TORRES** presentó *Moción en Auxilio de Jurisdicción Bajo Regla 79*. Simultáneamente, se decretó *Resolución* declarando no ha lugar la solicitud de auxilio de jurisdicción.

---

[1] Véase Apéndice de la *Petición de Certiorari*, pág. 53.

Número Identificador:
SEN2024_____

Exponemos el trasfondo fáctico y procesal que acompaña a la presente controversia.

- I -

El 31 de octubre de 2023, la señora **ANNA FIGUEROA** (señora **FIGUEROA**) incoó una *Demanda* sobre desahucio y cobro de dinero.[2] En su reclamación, entre otras cosas, adujo que es dueña de una propiedad sita en Alturas de Villas del Rey en Caguas, Puerto Rico; el 20 de octubre de 2018, las partes suscribieron un contrato de arrendamiento; se acordó un canon de arrendamiento de $700.00 mensuales pagaderos el día 7 de cada mes; y desde abril de 2022, se ha incumplido con la obligación del pago de arrendamiento. Conjuntamente, presentó *Moción Solicitando Emplazamiento-Citación*.[3]

El 1 de noviembre de 2023, el tribunal recurrido dictaminó *Orden* en la cual dispuso que se expidiera el *Emplazamiento y Citación para Desahucio* y se pautó audiencia para el 9 de noviembre de 2023 a las 3:30 de la tarde.[4] El 6 de noviembre de 2023, la señora **FIGUEROA** presentó *Moción Sometiendo Emplazamiento Diligenciado*.[5]

El 8 de noviembre de 2023, la señora **RODRÍGUEZ TORRES** presentó su *Contestación a Demanda* incluyendo sus *Defensas Afirmativas*.[6] Asimismo, presentó *Moción al Expediente y Solicitando Aplicación de Orden Administrativa OAJP-2021-083* en la cual solicitó la paralización de los procedimientos por sesenta (60) días, ello, en conformidad con el *Programa de Prevención de Desalojos;* y *Moción de Traslado por Falta de Competencia*.[7]

El 9 de noviembre de 2023, se celebró una audiencia en la cual se pautó el juicio en su fondo para el 27 de noviembre de 2023; y se les exhortó a las partes suministrar su prueba documental mediante el Sistema Unificado de Manejo y Administración de Casos (SUMAC). La *Minuta* expresa: "[e]l

---

[2] Véase Apéndice de la *Petición de Certiorari*, págs. 1- 13.
[3] *Íd.*, págs. 14- 16.
[4] *Íd.*, págs. 17- 19.
[5] *Íd.*, págs. 20- 22.
[6] *Íd.*, págs. 23- 25.
[7] *Íd.*, págs. 26- 50 y 51- 52.

Tribunal hizo constar que del expediente electrónico surgen varias Mociones presentadas por las partes, en la mañana de hoy las cuales, fueron evaluadas y atendidas por esta Juez. Eventualmente recibirán la determinación a sus respectivos correos electrónicos".

Inconforme con la antedicha conclusión, el 22 de noviembre de 2023, la señora **RODRÍGUEZ TORRES** acudió ante este Tribunal de Apelaciones mediante su *Petición de Certiorari*. En su manuscrito, señala el(los) siguiente(s) error(es):

> Erró el TPI al no paralizar el caso bajo la Orden Administrativa OAJP-2021-083.

A tenor con la Regla 7 (B)(5) del Reglamento del Tribunal de Apelaciones, 4 LPRA Ap. XXII-B, y dadas las particularidades del presente caso, este Foro puede "prescindir de términos no jurisdiccionales, específicos," escritos, notificaciones o procedimientos adicionales, "con el propósito de lograr su más justo y eficiente despacho…". Puntualizamos las normas de derecho pertinentes a la(s) controversia(s) planteada(s) a los fines de adjudicar.

- II -

La *jurisdicción* es el poder o autoridad con el que cuenta un tribunal para considerar y decidir los casos y controversias ante su consideración.[8] En consecuencia, la falta de *jurisdicción* de un tribunal incide directamente sobre su poder para adjudicar una polémica.[9]

Los tribunales deben ser celosos guardianes de su *jurisdicción*.[10] Aun en ausencia de un señalamiento por alguna de las partes, la falta de *jurisdicción* puede ser considerada *motu proprio* por los tribunales. Las cuestiones de *jurisdicción* por ser privilegiadas deben ser resueltas con

---

[8] *FCPR v. ELA et al.*, 2023 TSPR 26, 211 DPR ___ (2023); *Cobra Acquisitions v. Mun. Yabucoa et al.*, 210 DPR 384, 394 (2022); *Payano v. SLG Cruz Pagán,* 209 DPR 876, 889 (2022) (Sentencia)*; Allied Mgmt. Group v. Oriental Bank*, 204 DPR 374, 385- 386 (2020).
[9] *Allied Mgmt. Group v. Oriental Bank*, supra, pág. 385.
[10] *Ruiz Camilo v. Trafon Group, Inc.*, 200 DPR 254, 267- 268 (2018).

preferencia. Si un tribunal se percata que carece de *jurisdicción*, así tiene que declararlo y desestimar el caso.[11]

La ausencia de *jurisdicción*, por tanto, acarrea las siguientes consecuencias: priva a un foro judicial del poder necesario para adjudicar una controversia; los tribunales no poseen discreción para asumirla cuando no la tienen; no es susceptible de ser subsanada; las partes no pueden conferírsela voluntariamente a un tribunal como tampoco puede este arrogársela; conlleva la nulidad de los dictámenes emitidos; se impone a los tribunales el ineludible deber de auscultar su propia *jurisdicción* —y a los tribunales apelativos la obligación de examinar la *jurisdicción* del foro de donde procede el recurso—; las cuestiones jurisdiccionales deben ser resueltas con preferencia sobre otros asuntos, y su alegación puede presentarse en cualquier etapa del procedimiento, a instancia de las partes o por el tribunal *motu proprio*.[12]

Por tratarse de una cuestión de umbral en todo procedimiento judicial, si un tribunal determina que carece de *jurisdicción* solo resta así declararlo y desestimar la reclamación inmediatamente, sin entrar en los méritos de la controversia, conforme lo ordenado por las leyes y reglamentos para el perfeccionamiento del recurso en cuestión.[13]

Un recurso presentado antes del tiempo correspondiente (prematuro), al igual que el presentado luego del plazo aplicable (tardío), "*sencillamente adolece del grave e insubsanable defecto de privar de jurisdicción al tribunal al cual se recurre*".[14] En ambos casos, su presentación carece de eficacia y no produce ningún efecto jurídico.[15]

---

[11] *FCPR v. ELA et al.*, supra; *Cobra Acquisitions v. Mun. Yabucoa et al., supra*; *Allied Mgmt. Group v. Oriental Bank, supra*, págs. 386- 387.

[12] *MCS Advantage v. Fossas Blanco et al.*, 2023 TSPR 08, 211 DPR ___ (2023); *Cobra Acquisitions v. Mun. Yabucoa et al., supra*, pág. 395; *Allied Mgmt. Group v. Oriental Bank, supra*, págs. 386- 387; *Beltrán Cintrón et al. v. ELA et al.*, 204 DPR 89, 101-102 (2020).

[13] *Allied Mgmt. Group v. Oriental Bank, supra; Torres Alvarado v. Madera Atiles,* 202 DPR 495, 501 (2019).

[14] *S.L.G. Szendrey-Ramos v. F. Castillo*, 169 DPR 873 (2007).

[15] *Torres Martínez v. Torres Ghigliotty*, 175 DPR 83, 97 (2008); *S.L.G. Szendrey-Ramos v. F. Castillo, supra*.

La Regla 83 (C) del Reglamento del Tribunal de Apelaciones faculta a este Tribunal para que, a iniciativa propia, desestime un recurso de apelación o deniegue un auto discrecional por cualquiera de los motivos consignados en el inciso (B).[16] Una vez un tribunal determina que no tiene *jurisdicción*, "*procede la inmediata desestimación del recurso apelativo conforme lo ordenado por las leyes y los reglamentos para el perfeccionamiento de estos recursos*".[17] Ello sin entrar en los méritos de la controversia ante sí.

- III -

En este caso, el 8 de noviembre de 2023, la señora **RODRÍGUEZ TORRES** presentó su *Moción al Expediente y Solicitando Aplicación de Orden Administrativa OAJP-2021-083*. Al día siguiente, el foro de instancia pronunció *Orden* enunciando: "[e]l asunto será atendido durante la vista".[18] Empero, en la audiencia celebrada el 27 de noviembre de 2023, el licenciado Radamés C. Marín Montalvo, representación legal de la señora **RODRÍGUEZ TORRES,** hizo mención sobre la *Moción al Expediente y Solicitando Aplicación de Orden Administrativa OAJP-2021-083* y el tribunal primario señaló que determinó sobre dicha moción el 14 de noviembre de 2023.[19]

La aludida *Orden* no prescribe cuál es la decisión judicial sobre la solicitud de la paralización de los procedimientos por sesenta (60) días, ello, en conformidad con el *Programa de Prevención de Desalojos*. Esto es, si procede o no la paralización. No existiendo la más mínima duda de que no se ha atendido el petitorio mencionado, procede que el foro de primera instancia concrete su resolución. Ante esta situación, aún está pendiente de que se consigne adecuadamente la adjudicación de la solicitud de la

---

[16] Dicho inciso lee: *"(B) Una parte podrá solicitar en cualquier momento la desestimación de un recurso por los motivos siguientes: (1) que el Tribunal de Apelaciones carece de jurisdicción; (2) que el recurso fue presentado fuera del término de cumplimiento estricto dispuesto por ley sin que exista justa causa para ello; (3) que no se ha presentado o proseguido con diligencia o de buena fe; (4) que el recurso es frívolo y surge claramente que ha sido interpuesto para demorar los procedimientos; o (5) que el recurso se ha convertido en académico".*

[17] *S.L.G. Szendrey-Ramos v. F. Castillo, supra.*

[18] Dicho dictamen judicial fue notificado y archivado el 14 de noviembre de 2023. Véase entrada número 18 del expediente electrónico del Sistema Unificado de Manejo y Administración de Casos (SUMAC).

[19] Véase *Minuta* transcrita el 11 de diciembre de 2023 del expediente electrónico del Sistema Unificado de Manejo y Administración de Casos (SUMAC).

paralización de los procedimientos. Como resultado, el plazo de treinta (30) días para recurrir del dictamen judicial comenzará a decursar a partir de su notificación y archivo en autos.

Por consiguiente, la presentación de este recurso es prematura y nos priva de *jurisdicción* para atender la(s) controversia(s) planteada(s). En consecuencia, procede la *desestimación* del presente recurso por falta de *jurisdicción*.

- IV -

Por los fundamentos antes expuestos y en conformidad con la Regla 83 (C) del Reglamento del Tribunal de Apelaciones, *desestimamos,* por falta de *jurisdicción,* la *Petición de Certiorari* incoada el 22 de noviembre de 2023 por la señora **RODRÍGUEZ TORRES**; y ordenamos el cierre y archivo del presente caso.

**Notifíquese inmediatamente.**

Lo acordó el Tribunal, y lo certifica la Secretaria del Tribunal de Apelaciones.

Lcda. Lilia M. Oquendo Solís
Secretaria del Tribunal de Apelaciones